**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7558**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

STEPHEN A. LAROQUE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (4:12-cr-00088-H-1)

Submitted: May 23, 2018                        Decided: June 1, 2018

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen A. LaRoque, Appellant Pro Se. Joshua Bryan Royster, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen A. LaRoque appeals the district court's order denying his motion to quash a writ of execution as to the sale of personal property to satisfy a restitution order. We review a district court's denial of a motion to quash for abuse of discretion and its legal conclusions de novo. *United States v. Under Seal*, 737 F.3d 330, 332-33 (4th Cir. 2013).

First, LaRoque argues that his restitution should be credited in the amount that East Carolina Development Company, Inc. ("ECDC") owes him from a civil judgment, in order to avoid a double recovery. To the extent that LaRoque argues that the restitution order improperly directed payments to the United States Department of Agriculture (USDA), he could have raised this issue on direct appeal, but failed to do so. This claim is therefore procedurally defaulted, and he alleges no circumstances that would permit this court to review such a claim. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (setting forth standard). Moreover, as the district court correctly noted, LaRoque's restitution payments are owed to the USDA, not to ECDC, and there is no valid claim for offset on grounds of double recovery.

Second, LaRoque contends that the district erred in denying his motion to quash the writ of execution because the Government did not properly notice the sale of his real property in accordance with 28 U.S.C. § 2002 (2012). However, LaRoque's real property was sold with the court's permission and agreement of the Government, not by "order, judgment or decree" of the court; § 2002 is therefore inapplicable.

Accordingly, although we grant LaRoque's motion to proceed in forma pauperis, we deny his motion to appoint counsel, and we affirm the district court's order. We

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*